DAVIS, Circuit Judge,
concurring in part and dissenting in part.
I join all of the court’s opinion except for the portion upholding the validity of the $50 Rule. On that issue my position is that (a) the Rule contravenes the governing statute as properly interpreted in the light of the controlling legislative history, and (b) the Rule has not been consistently followed by the administrative agency.
First, I think that the House committee report (H.R.Rep. No. 2287, 81st Cong., 2d Sess. 14) — quoted in the majority opinion— makes it absolutely clear that the administrators could not adopt an overriding rule basing comparability primarily or generally on the amount of revenue collected and used by the LEA (aside from federal funds). The committee report said expressly that “it would not be reasonable to consider merely current expenditures met from local revenues of the district in question,” but that various relevant factors should be considered. As the District Court explained, the $50 Rule operates in the forbidden manner as the overall governing criterion.
Second, the $50 Rule has not been uniformly and consistently applied — the normal standard for deferring to an administrative interpretation. This record shows that the Rule was jettisoned at least in the Spring of 1979 and that some of the appel-lees had their applications granted in sums that would not have been awarded under the $50 Rule.[1] Thereafter the Department of Education returned to the $50 Rule.
I subscribe to the position “that the interrelationship of [the legislative] history with the statutory text follows a continuous spectrum measuring the strength of the language, on the one hand, and the strength of the history, on the other. The more compelling and definitive the words are, tbe less controlling the legislative history; conversely, the less compelling and definite the language, the more controlling the history to the extent of its strength.” Texas State Comm’n for the Blind v. United States, 796 F.2d 400, 415 (Fed.Cir.1986) (separate opinion of Davis, J.). The statutory language at issue is general and indefinite and the administrative practice is inconsistent, while the legislative history is very strong and precise.

. The court’s opinion points out that 129 LEAs received awards higher than they could have obtained under the $50 Rule.